UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITHLAN CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17CV2201 HEA ) |
| JOE CHASE, et al., | ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, Keithlan Carter, who is currently detained at the Southeast Behavioral Health Center in Poplar Bluff, Missouri[1], to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee and will grant plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Furthermore, based upon a review of the complaint, the Court finds that this case should be stayed and administratively closed pursuant to the principles espoused in the Supreme Court case of *Wallace v. Kato*, 549 U.S. 394 (2007).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

---

[1]Plaintiff appears to be detained at the Behavioral Health Center as part of the terms of his probation in accordance with *State v. Carter*, No. 14DE-CR00440 and *State v. Carter*, No. 14DE-CR00502.

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Although plaintiff has not submitted an account statement from the Behavioral Health Center, he has included a Financial Affidavit stating that he is currently disabled. The Court will not assess a filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint[2]

---

[2] Plaintiff previously brought a duplicative action in this Court. *See Carter v. State of Missouri,* No. 4:15CV360 RLW (E.D.Mo.). The case was stayed and administratively closed on April 17, 2015. Since that time, the Court has sought assistance from the United States Attorney to investigate plaintiff's claims relating to his need for "witness protection" on two separate occasions, once in April of 2015 and just recently in November of 2017. The Court was informed that investigators with the U.S. Attorneys' Office have been unable to discern a factual basis to support plaintiff's claims that he has been threatened as a result of prior testimony in this

Plaintiff, Keithlan Carter, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Sergeant Joe Chase of the Salem Police Dept; Cpl. Randy Brooks; Salem Police Department; Dent County Sheriff's Department; Mary Kaufman (Owner of the Walnut Bowl Inn); Patrolman Mike Loveday; Jonathan Counts of the Salem Police Dept.; Christopher Robbins of the Dent County Sheriff's Office; the State of Missouri; and Evelynn Unknown (Front Desk Clerk of the Walnut Bowl Inn).

Plaintiff alleges that in late 2013, Officer Chase made him touch a handgun at Express Detail in Salem, Missouri, so he could later "plant it on" him, and presumably have him arrested for a murder or some other crime at some later date. Plaintiff claims that he contacted the FBI in March of 2014 to report the incident. Plaintiff alleges that the matter was investigated and reports that the owner of Express Detail and his employee gave statements about the incident on his behalf concerning the matter. At the outset of his complaint, plaintiff asserts generally that because of his prior testimony in a "murder for hire" case, a "bounty" was placed on his head by a drug gang known by the initials HAWB. Plaintiff claims that as a result of his testimony, he was "sentenced to death" by the drug gang, HAWB, and several attempts have been made on his life.

As for the other allegations contained in the amended complaint, they center on an event that purportedly occurred on September 12, 2014, and are presumably connected to the "promise" made by defendant Chase to have plaintiff later arrested.

Plaintiff states that on this date he was in "residence" in room 139 at the Walnut Bowl Inn in Salem, Missouri. He claims that there was a known "hit-man" in room 138 at the Inn. Plaintiff asserts that the defendant Salem Police Officers (Counts, Wells, Loveday and Brooks, as well as Dent County Sheriff's Officer Robbins) knew about the hit-man hiding in room 139

---

Court. In fact, **plaintiff was not a trial witness** in this Court in a prior criminal action. *See United States v. Hyles*, 1:01CR73 HEA (E.D.Mo.).

and conspired with one another and the employees of the Walnut Bowl Inn (defendants Kaufman and Evlynn Unknown) to kill or arrest plaintiff who was a "federal witness" and help the hit-man escape.

Plaintiff also states that Erica Hopkins and Shawna Steelman "tried to set him up," but he fails to state how these individuals were involved in the matter or if they were employed by the police department or the hotel or another agency. About these two individuals plaintiff merely says they were "paid to lure [him] to the back of the hotel to be shot and killed" or "set him up."

Plaintiff does not make any further allegations regarding the named defendants in his complaint, although he makes various conclusory allegations in his pleading regarding his belief that he was "followed" at various time periods by unknown persons during 2016.

In his request for relief, plaintiff seeks $20 million dollars and placement in a "Witness Protection Program."

## Discussion

The Court takes judicial notice that a review of Missouri.Case.Net shows that plaintiff was arrested by the Salem Police Department on the date of the alleged occurrence (September 12, 2014). *See State v. Carter*, No. 14DE-CR00440 (42nd Judicial Circuit, Dent County Court). He was charged with felon in possession of a firearm, unlawful use of a firearm while intoxicated, possession of a controlled substance (marijuana) and two counts of attempted distribution of a controlled substance. While incarcerated at the Dent County Jail on the next day, September 13, 2014, plaintiff was charged with three counts of delivery or possession of a controlled substance. *See State v. Carter*, No. 14DE-CR00502 (42nd Judicial Circuit, Dent County Court); *State v. Carter*, No. 14DE-CR00502-02 (42nd Judicial Circuit, Crawford County Court). Plaintiff is currently on probation in both of these cases, and he has been released to the Behavioral Health Center in Poplar Bluff Missouri.

The Court notes that although plaintiff's allegations in this case are somewhat difficult to ascertain, taken together, they appear to allege that Officer Chase was trying to "frame" plaintiff for a murder or other "false arrest," and the other officers and civilians were either trying to kill plaintiff or act together in a conspiracy with Officer Chase to falsely arrest plaintiff. Indeed, plaintiff was actually arrested on the night of September 12, 2014.

As the record shows, plaintiff has filed this "false arrest" and conspiracy case while he is still on probation with relation to the underlying criminal cases against him. In *Wallace v. Kato*, 549 U.S. 384, 397 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." The Court also instructed that where, as here, "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in a conviction, and whether the impending civil action will impugn that verdict. . . – all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.*

After careful consideration, the Court finds that the principles established in *Wallace* dictate that further consideration of plaintiff's §1983 claims should be stayed until the underlying criminal charges pending against plaintiff are completely resolved, through plaintiff's probationary period, the appeals process and through post-conviction relief. *See Wallace*, 549 U.S. at 394.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** no filing fee will be assessed at this time.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges, as well as plaintiff's probationary process, any appeals and post-conviction remedies, in *State v. Carter,* No. 14DE-CR00502 (42nd Judicial Circuit, Dent County Court); *State v. Carter,* No. 14DE-CR00502-02 (42nd Judicial Circuit, Crawford County Court).

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days to notify the Court in writing concerning the final disposition of all criminal charges, as well as plaintiff's probationary process, any appeals and post-conviction remedies, in *State v. Carter,* No. 14DE-CR00502 (42nd Judicial Circuit, Dent County Court); *State v. Carter, No. 14DE-CR00502-02* (42nd Judicial Circuit, Crawford County Court).

**IT IS FURTHER ORDERED** that plaintiff's motion for counsel [Doc. #3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by this Court after a ruling on plaintiff's motion to reopen the case after such final disposition.

Dated this 1st day of December, 2017.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE