# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEITHLAN CARTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17CV2201 HEA |
| JOE CHASE, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is Keithlan Carter's motion for hearing in this closed action. After reviewing plaintiff's motion, as well as the information available to the Court from Missouri.Case.Net, the Court will deny plaintiff's request for hearing.

## Background

Plaintiff, an inmate at the Southeast Behavioral Health Center in Poplar Bluff, Missouri, filed the instant action on August 1, 2017, against several police officers in the Salem Police Department, as well as officers in Dent County Sheriff's Office, and workers at the Walnut Bowl Inn. Plaintiff alleged, generally, that Officer Chase of Salem Police Department, was trying to "frame" plaintiff for a murder or other "false arrest," and the other officers and civilians were either trying to kill plaintiff or act together in a conspiracy with Officer Chase to falsely arrest plaintiff. Indeed, plaintiff was actually arrested on the night of September 12, 2014. *See State v. Carter*, No. 14DE-CR00440 (42nd Judicial Circuit, Dent County Court).[1]

---

[1] Plaintiff was charged with felon in possession of a firearm, unlawful use of a firearm while intoxicated, possession of a controlled substance (marijuana) and two counts of attempted distribution of a controlled substance. While incarcerated at the Dent County Jail, on September 13, 2014, plaintiff was charged with three counts of delivery or possession of a controlled substance. *See State v. Carter*, No. 14DE-CR00502 (42nd Judicial Circuit, Dent County Court); *State v. Carter*, No. 14DE-CR00502-02 (42nd Judicial Circuit, Crawford County Court). Plaintiff

Because plaintiff filed this "false arrest" and conspiracy case while he was still on probation with relation to the underlying criminal cases against him, *Wallace v. Kato*, 549 U.S. 384, 397 (2007), the Court stayed and administratively closed the underlying action pending conclusion of the outcome of plaintiff's criminal cases.

On January 2, 2018, plaintiff filed a "motion to appear," stating that his probation would soon be completed in his criminal cases in Crawford County. He stated that he wanted to be granted an appearance to "speak with the courts" to get a "clear understanding of what the courts are asking of me." On January 4, 2018, the Court denied plaintiff's motion and ordered movant to file with the Court a motion indicating the specific relief he was seeking. Thus, on January 16, 2018, plaintiff filed a motion for hearing with the Court.

**Discussion**

The Court has reviewed plaintiff's status on Missouri.Case.Net, and it appears that plaintiff is still being detained at the Behavioral Health Center in Poplar Bluff, Missouri. In both cases, *State v. Carter*, No. 14DE-CR00440-02 (42nd Judicial Circuit, Crawford County Court); *State v. Carter*, No. 14DE-CR00502-02 (42nd Judicial Circuit, Crawford County Court), plaintiff has recently had a probation violation report as a result of being charged with an information on December 7, 2017, for possession of controlled substance and drug paraphernalia. *See State v. Carter*, No. 17PE-CR00614-01 (34th Judicial Circuit, Pemiscot County Court). Although the Judges in these cases have not yet had a hearing on whether a revocation will occur in these matters, a revocation would have some bearing on the justiciability of his present action under *Wallace*.

Moreover, even if no revocation occurs, because plaintiff has pleaded guilty in his prior cases relating to the underlying proceedings, his assertions under oath in his plea colloquies will

---

was then placed on probation and released to the Behavioral Health Center in Poplar Bluff Missouri.

likely bar him from bringing claims against defendants in the present action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999)( holding that "§ 1983 claims of false arrest and imprisonment should be dismissed [as *Heck*-barred.]"). As such, the Court finds that there is no need for a hearing on this stayed and administratively closed matter at this time.[2]

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's motion for hearing [Doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that this case will continue to be **STAYED** pending final disposition of the criminal charges, as well as plaintiff's probationary process, any appeals and post-conviction remedies, in *State v. Carter,* No. 14DE-CR00440-02 (42nd Judicial Circuit, Crawford County Court)*; State v. Carter,* No. 14DE-CR00502-02 (42nd Judicial Circuit, Crawford County Court).

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days to notify the Court in writing concerning the final disposition of all criminal charges, as well as plaintiff's probationary process, any appeals and post-conviction remedies, in *State v. Carter,* No. 14DE-CR00440-02 (42nd Judicial Circuit, Crawford County Court)*; State v. Carter,* No. 14DE-CR00502-02 (42nd Judicial Circuit, Crawford County Court).

---

[2] Plaintiff previously brought a duplicative action in this Court. *See Carter v. State of Missouri,* No. 4:15CV360 RLW (E.D.Mo.). The case was stayed and administratively closed on April 17, 2015. Since that time, the Court has sought assistance from the United States Attorney to investigate plaintiff's claims relating to his need for "witness protection" on two separate occasions, once in April of 2015 and just recently in November of 2017. The Court was informed that investigators with the U.S. Attorneys' Office have been unable to discern a factual basis to support plaintiff's claims that he has been threatened as a result of prior testimony in this Court. In fact, **plaintiff was not a trial witness** in this Court in a prior criminal action. *See United States v. Hyles*, 1:01CR73 HEA (E.D.Mo.).

**IT IS FURTHER ORDERED** that this case will continue to be **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by this Court after a ruling on plaintiff's motion to reopen the case after such final disposition.

Dated this 13th day of March, 2018.

                                            HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE