UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITHLAN CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV-2201 HEA |
| ) | |
| JOE CHASE, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for recusal and for reopen. Plaintiff asks the Court to recuse itself from this matter because the Court has previously denied plaintiff's motions and overruled plaintiff's request to reopen this action.[1] Plaintiff offers no other basis for showing that the Court has failed to treat his cases with impartiality. As such, plaintiff's request

---

[1] This action is currently stayed pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 349 (2007). Plaintiff, an inmate at the Southeast Behavioral Health Center in Poplar Bluff, Missouri, filed the instant action on August 1, 2017, against several police officers in the Salem Police Department, as well as officers in Dent County Sheriff's Office, and workers at the Walnut Bowl Inn. Plaintiff alleged, generally, that Officer Chase of Salem Police Department, was trying to "frame" plaintiff for a murder or other "false arrest," and the other officers and civilians were either trying to kill plaintiff or act together in a conspiracy with Officer Chase to falsely arrest plaintiff. Indeed, plaintiff was actually arrested on the night of September 12, 2014. *See State v. Carter*, No. 14DE-CR00440 (42nd Judicial Circuit, Dent County Court). Because plaintiff filed this "false arrest" and conspiracy case while he was still on probation with relation to the underlying criminal cases against him, *Wallace v. Kato*, 549 U.S. 384, 397 (2007), the Court stayed and administratively closed the underlying action pending conclusion of the outcome of plaintiff's criminal cases. The Court has reviewed *State v. Carter*, No. 14DE-CR00502-02 (42nd Judicial Circuit, Crawford County Court) on Missouri.Case.Net and found that plaintiff will be serving probation on the charges in that case through 2020. Additionally, plaintiff is currently facing charges of possession of a controlled substance and unlawful possession of drug paraphernalia in the Circuit Court of Pemiscot County, *State v. Carter*, No. 17PE-CR00614-01, which could lead to a revocation if he is convicted. Therefore, this matter is not available to be reopened at the present time, as noted in its prior Memorandum and Order issued on March 13, 2018. Docket No. 11.

1

for recusal will be denied. Additionally, as plaintiff is still on probation in his state court action, his request to reopen the present matter will also be denied.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" he must recuse himself. 28 U.S.C. § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" *Moran,* 296 F.3d at 648 (quoting *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant–section 455(a) sets an objective standard that does not require scienter." *Id.* (citations omitted). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Id.* (quoting *In re Kansas Pub. Employees Retirement Sys.,* 85 F.3d 1353, 1358 (8th Cir. 1996)). However, "'[a]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.'" *Id.* (quoting *Harris v. Missouri,* 960 F.2d 738, 740 (8th Cir.1992)).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are counsel's unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr,* 758 F.2d 1578, 1583 (9th Cir. 1985).

Plaintiff's motion for recusal is frivolous. Plaintiff's allegations regarding the Court's bias are conclusory and are not supported by any facts. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for recusal and to reopen the present matter [#12] is **DENIED**.

Dated this 13th day of August, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE